# EXHIBIT A

# Form A

**Plaintiff or Filing Attorney Information:**

Name  NICHOLAS FANTINI

NJ Attorney ID Number

Address  96 Leon Avenue
Norwood, PA 19074

Telephone Number

---

NICHOLAS FANTINI ,
                                          **Plaintiff,**
                    v.

WESTROCK COMPANY, HOWARD BRAVERMAN, KATHY GRIESS, GEORGE MELVIN,

TONYA CHITWOOD JILL HORNER, VICKI LOSTETTER, STEVE VORHEES ,
and JOHN DOES 1-10, Inclusive                **Defendant(s).**

Superior Court of New Jersey
_____ Division _____ County
_____ Part
Docket No: _____
                    (to be filled in by the court)

Civil Action

**Complaint**

Plaintiff, NICHOLAS FANTINI , residing at
              (your name)

96 Leon Avenue , City of Norwood PA
(your address)                          (your city or town)

County of _____ .
              (your county)

State Of New Jersey, complaining of defendant, states as follows:

1. On  about          , 20____ , WESTROCK COMPANY, and its employees , Defendants
                                (name of person being sued)
(Summarize what happened that resulted in your claim against the defendant.  Use additional pages if necessary.)
I was subjected to a hostile work environment and workplace negligence which ultimately
culminated in my wrongful termination of employment thereby giving rise to this complaint.
The details are described more fully in the attached detailed complaint.

_____

_____

The defendant in this action resides at 5000 Lincoln Drive, E. Marlton, NJ 08053 ,
                                        (defendant's address)
In the County of  Burlington , State of New Jersey.
                  (name of county where defendant lives)

2.  Plaintiff is entitled to relief from defendant under the above facts.

# Form A

3.   The harm that occurred as a result of defendant's acts include:   (list each item of damage and injury)

1.   I was subjected to numerous acts of unequal treatment and exposure to a hostile work environment which impacted my ability to perform my duties and obligations. The details are described more fully in the attached detailed complaint. I was berated in front of employees on several occassions and made to perform tasks not in description

2.   I was subjected to discrimination on the basis of gender in the form of not being promoted for positions despite being qualified while individuals of the opposite gender were offered advancement and I was not the only person to complain of this issue. I was told I was more of a blue collar worker and should apply somewhere else.

3.   I was wrongfully terminated without legitimate basis by the Defendant as a result of the conduct described more fully in the attached complaint.

Wherefore, plaintiff requests judgment against defendant for damages, together with attorney's fees, if applicable, costs of suit, and any other relief as the court may deem proper.

Dated: _____     Signature: _____
                                                         *Nicholas Fantini*

## CERTIFICATION OF NO OTHER ACTIONS

I certify that the dispute about which I am suing is not the subject of any other action pending in any other court or a pending arbitration proceeding to the best of my knowledge and belief.  Also, to the best of my knowledge and belief no other action or arbitration proceeding is contemplated.  Further, other than the parties set forth in this complaint, I know of no other parties that should be made a part of this lawsuit.  In addition, I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

Dated: _____     Signature: _____
                                                         *Nicholas Fantini*

**OPTIONAL:  If you would like to have a judge decide your case, do not include the following paragraph in your complaint.  If you would prefer to have a jury to decide your case, please sign your name after the following paragraph.**

## JURY DEMAND

The plaintiff demands trial by a jury on all of the triable issues of this complaint, pursuant to New Jersey Court *Rules* 1:8-2(b) and 4:35-1(a).

Dated: _____     Signature: _____
                                                         *Nicholas Fantini*

( ) Cash   ( ) Check
( ) Money Order
Fee Paid & Entered

APR 18 2022

# 38392
Amount $ 250.00
Batch # 857

Nicholas P. Fantini
96 Leon Avenue
Norwood, PA 19074

NICHOLAS FANTINI,                  : SUPERIOR COURT OF NEW JERSEY
    PLAINTIFF                      : LAW DIVISION - BURLINGTON COUNTY
    VS.                            :
WESTROCK COMPANY, HOWARD           : DOCKET NO.
BRAVERMAN, KATHY GRIESS,           : CIVIL ACTION
GEORGE MELVIN, TONYA CHITWOOD,     :
JILL HORNER, VICKI LOSTETTER,      :
STEVE VORHEES, and JOHN DOES 1-10, :
INCLUSIVE,                         :
    DEFENDANT                      : **COMPLAINT FOR WRONGFUL**
                         : **TERMINATION OF EMPLOYMENT**
                         :

## COMPLAINT AT LAW FOR WRONGFUL TERMINATION OF EMPLOYMENT

AND NOW, comes the Plaintiff, Nicholas Fantini, by and through themselves, *pro se*, to file the instant reply and in support thereof avers as follows:

## I. INTRODUCTION

1. The Plaintiff initiates the instant action against the Defendant(s) for wrongful termination of employment as well as toxic workplace and workplace negligence all of which give rise to the instant complaint.

2. Throughout the course of employment, the Plaintiff was subjected to various acts of lewdness which were encouraged by various employees in addition to harassment of the Plaintiff based on appearance as well as various other acts amount to a hostile work environment and unequal treatment ultimately resulting in the wrongful termination of employment.

3. As a direct and proximate result of the acts complained of in the instant matter, the Plaintiff suffered the loss of employment thereby giving rise to a particular amount of damages to be determined in a trial by jury.

4. The Plaintiff is seeking compensatory and punitive damages for each of the tortious acts complained of herein as well as any and all other relief deemed necessary by this Court with all genuine disputes of material fact to be determined in a trial by jury.

## JURISDICTION AND VENUE

4. At all times relevant to this complaint, the acts complained of engaged in by the Defendant took place in Burlington County. Accordingly, jurisdiction is proper under R. 4:4-4.

5. The Defendant, Nicholas Fantini, was employed in Burlington County, New Jersey where the acts complained of took place. Therefore, under R. 4:3-2(a)(3), venue is proper for this civil action at law in Burlington County Superior Court, Law Division.

## PARTIES

5. The Plaintiff, Nicholas Fantini, at all times material hereto has resides at 96 Leon Avenue Norwood, PA 19074

6. The Defendants, Westrock Company, at all times material hereto has maintained the place of employment identified as 5000 Lincoln Drive, E. Marlton, NJ 08053 while maintaining a corporate location address at 1000 Abernathy Road, NE., Atlanta, GA 30328.

7. The employees Howard Braverman, Kathy Griess, George Melvin, Tonya Chitwood, Jill Horner, Vicki Lostetter, Steve Vorhees, And John Does 1-10, Inclusive, are all employees employed by the Defendant Westrock Company contributing to the torts complained of at the address of 1000 Abernathy Road, NE., Atlanta, GA 30328.

## STATEMENT OF FACT

8. The Plaintiff initiates the instant action against the Defendant(s) for wrongful termination of employment as well as toxic workplace and workplace negligence all of which give rise to the instant complaint.

9. Throughout the course of employment, the Plaintiff was subjected to various acts of lewdness which were encouraged by various employees in addition to harassment of the Plaintiff based on appearance as well as various other acts amount to a hostile work environment and unequal treatment ultimately resulting in the wrongful termination of employment.

10. While the Plaintiff was employed with the Defendant, Howard Braverman performed and encouraged lewd behavior amongst his colleagues to the point HR was brought in and then still continued to do it covertly.. He even played a Conan O' Brian episode where they were all naked in a sauna on his work computer and was showing it to employees in the common area.

11. HR Kathy Griess would often act aggressively by raising her voice / yelling or making exaggerated gestures and eye contact to me when the Plaintiff would confide in her about the workplace issues.

12. With no job description even after several requests, the Plaintiff was requested to perform various jobs which would not allow his advancement at Westrock. Requests such as cleaning toilets, shoveling snow, changing light fixtures, using a ladder, as well as other unsuitable work not included in the job description of the Plaintiff.

13. The Plaintiff contacted the Westrock Compliance Hotline and they stated after their investigation that Howard's Actions while unethical were not illegal; so in other words Westlock enforced bad behavior as long as it did not break the law it was approved.

14. On several occasions, the Plaintiff was referred to as "Allahu Nick" due to my complexion and beard (and was even given an an electric razor by management staff to encourage cutting my beard).

15. Throughout the course of the Plaintiff's employment, Females were given more attention and work opportunities by far and this was even brought up by other employees.

16. The Plaintiff also suffered from a lack of advancement; the Plaintiff applied internally for various jobs while other people were secretly informed of available job positions which they received thereby constituting unequal treatment.

17. The Plaintiff was asked by Howard to ship Hazardous materials illegally through FedEx consistently then bullied in front of staff when the Plaintiff would not comply.

18. The Plaintiff was also pressured to drive the Forklift despite the license of the Plaintiff having expired.

19. Also throughout the course of employment, the Plaintiff was provided with faulty computer equipment after the Plaintiff was lied to, and then was not able to perform my job functions effectively with the faulty computer while also while being blamed for modifying the computer and causing the issues which was entirely baseless and erroneous.

20. The Plaintiff was allowed to be berated by other employees in front of my manager Howard Braverman even though it was his fault.

21. Howard verbalized directly to the Plaintiff that the Plaintiff was more of a blue-collar worker than a white-collar worker so the Plaintiff's advancement opportunities were limited and maybe the Plaintiff should apply somewhere else.

22. The combined acts complained of as well as the totality of the hardships created by the circumstances described in the instant matter ultimately resulted in the wrongful termination of employment of the Plaintiff and the loss of gainful employment thereby giving rise to the instant complaint for damages.

23. As a direct and proximate result of the acts complained of in the instant matter, the Plaintiff suffered the loss of employment thereby giving rise to a particular amount of damages to be determined in a trial by jury.

24. The Plaintiff is seeking compensatory and punitive damages for each of the tortious acts complained of herein as well as any and all other relief deemed necessary by this Court with all genuine disputes of material fact to be determined in a trial by jury.

**COUNT I**

**WRONGFUL TERMINATION OF EMPLOYMENT**

25. The Petitioner references and incorporates Paragraphs 1 through 24 as if though set forth herein at length.

26. The New Jersey Supreme Court first recognized a cause of action for wrongful termination under the common law in Pierce v. Ortho Pharmaceutical  Corp., 84 N.J. 58, 72 (1980), which held that "an employee has a cause of action for wrongful discharge when the discharge is contrary to a clear mandate of public policy.".

27. "Absent legislation, the judiciary must define the cause of action in case-by-case determinations."Pierce, 84 N.J. at 72.

28. Furthermore, in discussing the law of wrongful discharge underPierce, the Court stated: "The common law grows and expands in response to perceived needs to serve the ends of justice."Shaner v. Horizon Bancorp., 116 N.J. 433, 454 (1989).

29. In Young, it made this statement of its holding in Pierce: "the sources of law where a mandate of public policy may be found are expansive." Young, 141 N.J. at 29.

30. The New Jersey Supreme Court's policy rationale for recognizing the cause of action in Pierce:  "Employees will be secure in knowing that their jobs are safe if they exercise their rights in accordance with a clear mandate of public policy." Pierce, 84 N.J. at 73.

31. In the instant matter, the Plaintiff was subjected to numerous acts of unequal treatment as well as exposure to a hostile work environment which had a material impact on the Plaintiff's

ability to perform the duties and functions of their position of employment thereby giving rise to the instant claims.

32. The acts of unequal treatment ultimately pushed the Plaintiff to the wrongful termination of employment giving rise to the instant action.

33. As a direct and proximate result of the acts complained of in the instant matter, the Plaintiff suffered the loss of employment thereby giving rise to a particular amount of damages to be determined in a trial by jury.

34. The Plaintiff is seeking compensatory and punitive damages for each of the tortious acts complained of herein as well as any and all other relief deemed necessary by this Court with all genuine disputes of material fact to be determined in a trial by jury.

## COUNT II

## GENDER DISCRIMINATION AND HOSTILE WORK ENVIRONMENT

35. The Petitioner references and incorporates Paragraphs 1 through 24 as if though set forth herein at length.

36. Discrimination on the basis of sex occurs when, in situations related to employment, an employer treats men and women differently. LEX K. LARSON, LARSON ON EMPLOYMENT DISCRIMINATION (2005) § 46.01. Id. at § 40.01.

37. The EEOC has issued guidelines specifically related to this legal theory, sexual favoritism as the basis for claims under Title VII. See EEOC Policy Guidance on Employer Liability Under Title VII for Sexual Favoritism, EEOC Notice No. 915-048 (January 12, 1990). "Drinkwater v. Union Carbide Corp., 904 F.2d 853, 859 (3d Cir. 1990).

38. The EEOC's Policy Guidance clearly states that sexual favoritism can be a basis for a valid hostile work environment claim under Title VII: "If favoritism based upon the granting of sexual

favors is widespread in a workplace, both male and female colleagues who do not welcome this conduct can establish a hostile work environment in violation of Title VII regardless of whether any objectionable conduct is directed at them." Id.

39. "For sexual harassment to be actionable, it must be sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment." Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986) (internal citation omitted).

40. In the instant matter, the Plaintiff has established a prima facie case for discrimination on the basis of gender in violation of Title VII and New Jersey State Law.

41. Throughout the course of the Plaintiff's employment, Females were given more attention and work opportunities by far and this was even brought up by other employees which substantiates the claims of the Plaintiff in the instant matter.

42. The Plaintiff also suffered from a lack of advancement; the Plaintiff applied internally for various jobs while other people were secretly informed of available job positions which they received thereby constituting unequal treatment.

43. Because other employees received advancements and these employees were predominantly female as opposed to male, the Plaintiff has established a prima facie case for discrimination on the basis of gender thereby giving rise to the instant claim.

44. As a direct and proximate result of the acts complained of in the instant matter, the Plaintiff suffered the loss of employment thereby giving rise to a particular amount of damages to be determined in a trial by jury.

45. The Plaintiff is seeking compensatory and punitive damages for each of the tortious acts complained of herein as well as any and all other relief deemed necessary by this Court with all genuine disputes of material fact to be determined in a trial by jury.

## COUNT III

## WORKPLACE NEGLIGENCE

46. The Petitioner references and incorporates Paragraphs 1 through 24 as if though set forth herein at length.

47. Employers are responsible for providing and maintaining a healthy and safe work environment. The general duty clause of the Occupational Safety and Health Act of 1970 ("OSHA") specifically states that an employer "shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause, death or serious physical harm to his employees." 29 U.S.C. § 654 (a)(1).

48. Under the doctrine of "respondeat superior," an employer may be liable for an employee's actions committed when acting "in the course of his or her employment." Glenn v. Scott Paper Co., 1993 WL 431161 (D.N.J. 1993).

49. Negligent hiring involves a claim that an employer, at the time of hiring the employee, had reason to believe, or could have determined by reasonable investigation, that the employee was dangerous and hired him/her anyway, which proximately caused injury to another. DiCosala v. Kay, 91 N.J. 159, 173-74 (1982). Negligent retention/supervision is a related claim that imposes liability where an employer learns of an employee's dangerous propensities after the employee is hired and does not take appropriate action to prevent harm to others.

50. In the instant matter, the Defendant had a duty and obligation to maintain a workplace that was free from harassment and discrimination as well as the types of abuse described by the Plaintiff in the instant matter.

51. The Plaintiff was asked by Howard to ship Hazardous materials illegally through FedEx consistently then bullied in front of staff when the Plaintiff would not comply.

52. With no job description even after several requests, the Plaintiff was requested to perform various jobs which would not allow his advancement at Westrock. Requests such as cleaning toilets, shoveling snow, changing light fixtures, using a ladder, as well as other unsuitable work not included in the job description of the Plaintiff.

53. Also throughout the course of employment, the Plaintiff was provided with faulty computer equipment after the Plaintiff was lied to, and then was not able to perform my job functions effectively with the faulty computer while also while being blamed for modifying the computer and causing the issues which was entirely baseless and erroneous.

54. The Plaintiff was allowed to be berated by other employees in front of my manager Howard Braverman even though it was his fault.

55. Howard verbalized directly to the Plaintiff that the Plaintiff was more of a blue-collar worker than a white-collar worker so the Plaintiff's advancement opportunities were limited and maybe the Plaintiff should apply somewhere else.

56. The combined acts complained of as well as the totality of the hardships created by the circumstances described in the instant matter ultimately resulted in the wrongful termination of employment of the Plaintiff and the loss of gainful employment thereby giving rise to the instant complaint for damages.

57. As a direct and proximate result of the acts complained of in the instant matter, the Plaintiff suffered the loss of employment thereby giving rise to a particular amount of damages to be determined in a trial by jury.

**PRAYER FOR RELIEF**

34. WHEREFORE, Plaintiff asks the Court to award Plaintiff the following:

   a.   Declaratory judgment in favor of the Plaintiff

b.  Compensatory damages for damages including, but not limited to, pecuniary losses in the maximum amount authorized by law

c.  Punitive damages in the maximum amount authorized by law

d.  Pre-judgment and post-judgment interest at the highest rate allowed by law

e.   Actual and consequential damages

f.  Reasonable and necessary attorney's fees

g.  Costs of Court

h.  Such other relief as to which Plaintiff may be justly entitled.

Dated: April 5, 2022                                Respectfully Submitted,

# Civil Case Information Statement
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed**

| For Use by Clerk's Office Only |
| --- |
| Payment type: ☐ ck ☐ cg ☐ ca |
| Chg/Ck Number: |
| Amount: |
| Overpayment: |
| Batch Number: |

| Attorney/Pro Se Name | Telephone Number | County of Venue |
| --- | --- | --- |
| NICHOLAS FANTINI | | |

| Firm Name (if applicable) | Docket Number (when available) |
| --- | --- |
| | |

| Office Address | Document Type |
| --- | --- |
| 96 Leon Avenue<br>Norwood, PA 19074 | Complaint And Summons |
| | Jury Demand ☑ Yes ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
| --- | --- |
| NICHOLAS FANTINI | NICHOLAS FANTINI vs. WESTROCK COMPANY, HOWARD BRAVERMAN, KATHY GRIESS, GEORGE MELVIN, TONYA CHITWOOD JILL HORNER, VICKI LOSTETTER, STEVE VORHEES, and John Does 1-10 Inclusive |

| Case Type Number (See reverse side for listing) | Are sexual abuse claims alleged?<br>☐ Yes ☐ No | Is this a professional malpractice case? ☐ Yes ☑ No<br>If you have checked "Yes," see *N.J.S.A.* 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. |
| --- | --- | --- |

| Related Cases Pending?<br>☐ Yes ☐ No | If "Yes," list docket numbers |
| --- | --- |

| Do you anticipate adding any parties (arising out of same transaction or occurrence)?<br>☑ Yes ☐ No | Name of defendant's primary insurance company (if known)<br>☐ None<br>☑ Unknown |
| --- | --- |

## The Information Provided on This Form Cannot be Introduced into Evidence.

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

| Do parties have a current, past or recurrent relationship?<br>☑ Yes ☐ No | If "Yes," is that relationship:<br>☑ Employer/Employee ☐ Friend/Neighbor ☐ Other (explain)<br>☐ Familial ☐ Business |
| --- | --- |

| Does the statute governing this case provide for payment of fees by the losing party? | ☐ Yes ☑ No |
| --- | --- |

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition

| ♿ | Do you or your client need any disability accommodations?<br>☐ Yes ☑ No | If yes, please identify the requested accommodation: |
| --- | --- | --- |
| | Will an interpreter be needed?<br>☐ Yes ☑ No | If yes, for what language? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

Attorney Signature: *Nicholas Fantini*



**Side 2**

# Civil Case Information Statement
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days discovery

| | |
|---|---|
| 151 Name Change | 506 PIP Coverage |
| 175 Forfeiture | 510 UM or UIM Claim (coverage issues only) |
| 302 Tenancy | 511 Action on Negotiable Instrument |
| 399 Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) | 512 Lemon Law |
| | 801 Summary Action |
| 502 Book Account (debt collection matters only) | 802 Open Public Records Act (summary action) |
| 505 Other Insurance Claim (including declaratory judgment actions) | 999 Other (briefly describe nature of action) |

### Track II - 300 days discovery

| | |
|---|---|
| 305 Construction | 603Y Auto Negligence – Personal Injury (verbal threshold) |
| 509 Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) | 605 Personal Injury |
| | 610 Auto Negligence – Property Damage |
| 599 Contract/Commercial Transaction | 621 UM or UIM Claim (includes bodily injury) |
| 603N Auto Negligence – Personal Injury (non-verbal threshold) | 699 Tort – Other |

### Track III - 450 days discovery

| | |
|---|---|
| 005 Civil Rights | 608 Toxic Tort |
| 301 Condemnation | 609 Defamation |
| 602 Assault and Battery | 616 Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 604 Medical Malpractice | |
| 606 Product Liability | 617 Inverse Condemnation |
| 607 Professional Malpractice | 618 Law Against Discrimination (LAD) Cases |

### Track IV - Active Case Management by Individual Judge / 450 days discovery

| | |
|---|---|
| 156 Environmental/Environmental Coverage Litigation | 514 Insurance Fraud |
| 303 Mt. Laurel | 620 False Claims Act |
| 508 Complex Commercial | 701 Actions in Lieu of Prerogative Writs |
| 513 Complex Construction | |

### Multicounty Litigation (Track IV)

| | |
|---|---|
| 271 Accutane/Isotretinoin | 601 Asbestos |
| 274 Risperdal/Seroquel/Zyprexa | 623 Propecia |
| 281 Bristol-Myers Squibb Environmental | 624 Stryker LFIT CoCr V40 Femoral Heads |
| 282 Fosamax | 625 Firefighter Hearing Loss Litigation |
| 285 Stryker Trident Hip Implants | 626 Abilify |
| 286 Levaquin | 627 Physiomesh Flexible Composite Mesh |
| 289 Reglan | 628 Taxotere/Docetaxel |
| 291 Pelvic Mesh/Gynecare | 629 Zostavax |
| 292 Pelvic Mesh/Bard | 630 Proceed Mesh/Patch |
| 293 DePuy ASR Hip Implant Litigation | 631 Proton-Pump Inhibitors |
| 295 AlloDerm Regenerative Tissue Matrix | 632 HealthPlus Surgery Center |
| 296 Stryker Rejuvenate/ABG II Modular Hip Stem Components | 633 Prolene Hernia System Mesh |
| 297 Mirena Contraceptive Device | 634 Allergan Biocell Textured Breast Implants |
| 299 Olmesartan Medoxomil Medications/Benicar | |
| 300 Talc-Based Body Powders | |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

**Please check off each applicable category** ☐ Putative Class Action      ☐ Title 59   ☐ Consumer Fraud

*Phone. 610-451-8388*

*Email: Unslicknick @ Hotmail.con*

*Unslicknick @ Hotmail.con*

Nicholas P. Fantini
96 Leon Avenue
Norwood, PA 19074

| | |
|---|---|
| NICHOLAS FANTINI, | : SUPERIOR COURT OF NEW JERSEY |
| PLAINTIFF | : LAW DIVISION - BURLINGTON COUNTY |
| VS. | : |
| WESTROCK COMPANY, HOWARD | : DOCKET NO. |
| BRAVERMAN, KATHY GRIESS, | : <u>CIVIL ACTION</u> |
| GEORGE MELVIN, TONYA CHITWOOD, | : |
| JILL HORNER, VICKI LOSTETTER, | : |
| STEVE VORHEES, and JOHN DOES 1-10, | : |
| INCLUSIVE, | : |
| DEFENDANT | : **COMPLAINT FOR WRONGFUL** |
| | : **TERMINATION OF EMPLOYMENT** |
| | : |

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have forwarded a true and correct copy of the foregoing to the

Defendant via first class registered mail at their registered place of business.

Dated: April 5, 2022

Respectfully Submitted,

*Nicholas Fantini*

Nicholas P. Fantini
96 Leon Avenue
Norwood, PA 19074

| | |
|---|---|
| NICHOLAS FANTINI, | : SUPERIOR COURT OF NEW JERSEY |
| PLAINTIFF | : LAW DIVISION - BURLINGTON COUNTY |
| VS. | : |
| WESTROCK COMPANY, HOWARD | : DOCKET NO. |
| BRAVERMAN, KATHY GRIESS, | : CIVIL ACTION |
| GEORGE MELVIN, TONYA CHITWOOD, | : |
| JILL HORNER, VICKI LOSTETTER, | : |
| STEVE VORHEES, and JOHN DOES 1-10, | : |
| INCLUSIVE, | : |
| DEFENDANT | : **COMPLAINT FOR WRONGFUL** |
| | : **TERMINATION OF EMPLOYMENT** |
| | : |

### SUMMONS

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THE NEW JERSEY BAR ASSOCIATION MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

BURLINGTON BAR ASSOCIATION

## SUMMONS

Attorney(s) <u>NICHOLAS FANTINI,</u>

Office Address <u>96 Leon Avenue</u>

Town, State, Zip Code <u>Norwood, PA 19074</u>

Telephone Number

Attorney(s) for Plaintiff <u>pro se</u>

NICHOLAS FANTINI,

Plaintiff(s)

vs.

WESTROCK COMPANY, HOWARD BRAVERMAN, KATHY GRIESS,

GEORGE MELVIN, TONYA CHITWOOD, JILL HORNER, VICKI LOSTETTER, STEVE VORHEES, and JOHN DOES 1-10, Inclusive

Defendant(s)

**Superior Court of New Jersey**

<u>Burlington</u> County

_____ Division

Docket No: _____

## CIVIL ACTION
## SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

_____
Clerk of the Superior Court

DATED: _____

Name of Defendant to Be Served: WESTROCK COMPANY, HOWARD BRAVERMAN, KATHY GRIESS, GEORGE MELVIN, TONYA CHITWOOD, JILL HORNER, VICKI LOSTETTER, STEVE VORHEES, and JOHN DOES 1-10, Inclusive

Address of Defendant to Be Served: 5000 Lincoln Drive, E. Marlton, NJ 08053 / 1000 Abernathy Road, NE., Atlanta, GA 30328

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

BUR-L-000719-22  04/18/2022  Pg 1 of 4  Trans ID: LCV20221628847
Case 1:22-cv-04351-CPO-AMD    Document 1-1    Filed 06/30/22    Page 20 of 25 PageID:
26

4/17/22, 12:09 PM

Fw: Nicholas Fantini Current Westrock Employee: Reaching out for help ( 11+ year employee )

Nicholas Fantini <unslicknick@hotmail.com>

Mon 2/28/2022 2:26 PM

To: Nicholas Fantini <unslicknick@hotmail.com>

8 attachments (978 KB) *Sent to all recipients below*

ADA Template Accommodations Letter to Physician (2).pdf; ADA Template Request for Accommodation.pdf; WestRock Compliance Line_Call_1.pdf; WestRock Compliance Line_Call_2_no_Callback.pdf; WestRock Compliance Line_Call_3.pdf; WestRock Compliance Line_Call_4.pdf; WestRock Compliance Line_Call_5.pdf; Westrock_Values.png;

---

**From:** Nicholas Fantini <UnslickNick@hotmail.com>
**Sent:** Monday, January 13, 2020 6:08 PM
**To:** steve.voorhees@westrock.com <steve.voorhees@westrock.com>; Jill.horner@westrock.com <Jill.horner@westrock.com>; Vicki.Lostetter@westrock.com <Vicki.Lostetter@westrock.com>; Anu.kothari@westrock.com <Anu.kothari@westrock.com>; George Melvin Jr. <george.melvinjr@westrock.com>; Howard Braverman <howard.braverman@westrock.com>; Nick Fantini <nick.fantini@westrock.com>
**Subject:** Nicholas Fantini Current Westrock Employee: Reaching out for help ( 11+ year employee )

*( everyone Listed has access to attached Documents and will not need documents Provided )*

Good Afternoon Steve,

Can you please take a look into this and see if my experiences reflect **Westrock's Values** and **Behaviors** (attached) which we strive to achieve daily.I would like to first say that this may generally not fall under your daily duties of CEO but, under these current circumstances ( see emails below to/from George Melvin stating paperwork due today) I would hope you will be able look into this issue (s) . I not only ask you to do this for how it affects my own personal health and current employee environment/status at Westrock, but my fellow employees environment as well. As of early October 2019, I have been out on medical leave due to mental duress and other medical issues brought on by the Westrock location in  Marlton New Jersey. Continually dealing with multiple work issues that I had previously addressed with Howard Braverman and Kathy Griess ( former employee)  at several points has  led to current health conditions. These conditions are still not resolved creating substantial medical expenses in this past year from ER  Visits , Sleep Studies, and Medication.I have also reached  out to the Westrock Compliance Line as well with no resolution/or continued investigation causing further troubles as i will be re-entering this toxic environment. I Have copied multiple personnel as I believe this issue has been placed in the dark and selectively ignored even though some of these issues that have occurred in the past years unrelated from my experiences.
-Please forward this complete email to Vicki Lostetter

**A summary of how  a portion of Westrock's Team  Played a role in this?**
I am available to anyone for face to face conversation on these issues but as for phone calls, they are continually dismissed or unanswered by Westrock Employees.
- please see attached Westrock Compliance Hotline Complaints filed by me non-anonymously as well as some of the other issues

- No Job Description given after several requests to HR Personnel and direct Management.
- Job Description is needed to fill out a work accommodation form ( see attached) before returning to work. The Due Date for this form  from Westrock was due today 1/13/20 as stated by George Melvin but Job Description still not given (see email request below) The Medical staff currently needs for filling out a work accommodation form.
- ( see attached papers, email, below, and the first lines of the form)
- Not providing a computer that functioned properly for 8+ months while management blamed and questioned me, which later proved to be a problem that could only be resolved by IT support and Apple Service suggestions ( I was on the phone countless times and have job tickets and no intervention from Howard who sat three feet away and would question me about it)
- My Forklift certification expired even through multiple requests causing unrest/ negative behavior towards me and disrupting my workflow
- Lack of Career Path or advancement (has become commonplace)
- Onsite Training is poor/non-existent for entry level employees
- Day off / half days given off to various Design employees ( I was not included)
- Starting Salaries of Employees was placed on the local access "G" Drive allowing everyone in Marlton to see the pay rates of everyone and finding out that I was the least paid employee after 11 years of service was very demoralizing
- Sexual jokes said out loud between males ( This was a problem before) and the heads that swivel when they are heard ( Compliance did not have any issues with this)
- Lying , lack of integrity are allowed ( see reports /not addressed)
- Handbook is not available to employees as per Multiple Hr personnel even upon request
- Except possibly for this year,  reviews were consistently months after the new year and it was stated that info could not be updated even if there was non-factual statements on it   including/ not limited to previously HR un-addressed issues between employees
     ( supposedly cost me $1500 off raise for someone's shenanigans so they could move their desk to a better location in the office )
- **This is really the tip of the iceberg**


Sincerely thanks for your time,
Nicholas Fantini
11+ year Westrock employee
610-957-8388


"The Design Assistant that would not leave" as stated  to new hires/ and guests by Howard Braverman when introducing them to me.



**From:** Nicholas Fantini <unslicknick@hotmail.com>
**Sent:** Friday, January 10, 2020 3:47 PM
**To:** George Melvin Jr. <george.melvinjr@westrock.com>
**Cc:** Anu.kothari@westrock.com <Anu.kothari@westrock.com>
**Subject:** Re: Nicholas Fantini Westrock Employee request for work accomodation form

Good Afternoon George,

I am requesting a Three (3) Business Day extension from you, for my Work Accommodation Form to be completed. My physicians are waiting for my Job Description (email below) so they can complete the Work Accommodation Form.

Thanks,
Nick

**From:** Nicholas Fantini <UnslickNick@hotmail.com>
**Sent:** Wednesday, January 8, 2020 8:10 AM
**To:** George Melvin Jr. <george.melvinjr@westrock.com>
**Subject:** Re: Nicholas Fantini Westrock Employee request for work accomodation form

Good Morning George,

I have reviewed the attached documents that you sent and will need a job description to give to the physician so they can complete Step # 1 of their paperwork of the "ADA Template Accommodations Letter to Physician".

Thanks,
Nicholas Fantini
610 957 8388

**From:** George Melvin Jr. <george.melvinjr@westrock.com>
**Sent:** Monday, January 6, 2020 6:30 PM
**To:** Nicholas Fantini <unslicknick@hotmail.com>
**Cc:** Tonya Chitwood <tonya.chitwood@westrock.com>
**Subject:** RE: Nicholas Fantini Westrock Employee request for work accomodation form

Nicholas, attached are two forms:

- Letter to Physician – needs to be completed by your Physician and returned to me no later than January 13, 2020
- ADA Request – needs to be completed by you and returned to me no later than January 13, 2020

Let me know if I can be of further assistance.

Thanks

**From:** Tonya Chitwood <tonya.chitwood@westrock.com>
**Sent:** Monday, January 06, 2020 4:55 PM
**To:** Nicholas Fantini <unslicknick@hotmail.com>; George Melvin Jr. <george.melvinjr@westrock.com>
**Subject:** RE: Nicholas Fantini Westrock Employee request for work accomodation form

**From:** Nicholas Fantini <unslicknick@hotmail.com>
**Sent:** Monday, January 6, 2020 4:52 PM
**To:** Tonya Chitwood <tonya.chitwood@westrock.com>
**Subject:** Fw: Nicholas Fantini Westrock Employee request for work accomodation form

EXTERNAL - Use Caution. Do not click links or open attachments unless you know the content is safe.

Good Afternoon Tonya,

If George Melvin is in the office can you please forward this email to him. I have tried to email George
(see below) but the email came back.

Thanks,
Nicholas Fantini
610 957 8388

---

**From:** Nicholas Fantini <unslicknick@hotmail.com>
**Sent:** Monday, January 6, 2020 4:31 PM
**To:** George.melvin@westrock.com <George.melvin@westrock.com>; UNSLICKNICK@HOTMAIL.COM <UNSLICKNIC
K@HOTMAIL.COM>
**Subject:** Nicholas Fantini Westrock Employee request for work accommodation form

Good Afternoon George,

Can you please provide a " work accommodation form"?  I have reached out several times for this form
from you via phone these past months,  and  also contacted Sedgwick several times as you
recommended.  Sedgwick directed me back to you / HR /  Westrock as the responsible parties . If you
can not generate this form, can you please provide contact info for the party that can so that I can have
access to this document.

Thanks,
Nicholas Fantini
610-957-8388

---

This electronic message contains information from WestRock Company (www.westrock.com) or its subsidiaries, which may be confidential, privileged or
otherwise protected from disclosure. The information is intended to be disclosed to and used by only the named recipient(s). If you are not the intended
recipient, then your review, use, disclosure, printing, copying, or distribution of this message or its contents is prohibited. If you have received this
message in error, please notify WestRock immediately at postmaster@westrock.com, and delete the message from your system. For information about
WestRock's privacy practices, including how WestRock collects, processes, transfers, and stores Personally Identifiable Information shared with us,
please visit WestRock Privacy Policy. Unless previously authorized in writing, this message does not constitute an offer, acceptance, or agreement of any
kind. Sender is not liable for damage, errors or omissions related to or caused by transmission of this message.
(c) WestRock Company.

*EXIBT. D*

☐ Make copies of the emails you sent IME that support your requested need of IME to supply working equipment to conduct the IME remotely.

☐ Make sure you have paper that stated you were willing to meet them in a Covid Safe way to conduct the interview if they did not want to give you needed equipment

☐ Make sure you documented that IME office called you the day before to confirm the appointment but totally ignored your stating days before that you did not have dependable resources and they were to supply them to you. NO provisions had been made by IME

IME ignored my factual admittance that I did not have access to a reliable computer set up for the scheduled appt. IME could either provide the equip they needed to conduct the meeting OR make arrangements for a Covid Safe meeting place. IME staff ignored my multiple asking which turned into a dismissal/termination that was not fair in which I was not given any notice or valid reason. IME was in control of the situation and I was penalized

☐ Submit any records from your Primary, social workers, psychologist, Hampton, Sanare,

☐ Personal injury claims. Personal injury is a legal term defined as "an injury to the body, mind or emotions, as opposed to an injury to property." In these events, there may be contention over fault. An impartial analysis of the situation often leads to an agreeable conclusion. Describe how the injury has affected your life.

☐ Tell the court that you have wrecked your own property in anger towards Howards' mistreatment of you and your work skills. Let them know that he is a stress trigger that magnifies your being belittled and bullied at work

Westrock has used your mental anguish to discredit you and your work related illness

You did not refuse or decline to participate. IME demanded I (example) paint a wall but I was not given a brush to do so. Do NOT blame the in-efficiencies of Westrocks connection to IME on me. No provisions were made on my behalf by anyone and then I was terminated

There was mention that I was being difficult but the insubordinate actions were from both IME and Westrock. I was mindful of my own health and computer limitations yet both those agencies were playing games instead of being constructive in assistance

I was medically cleared to return to work at Westrock ( with expectations/variables to be worked out) on 2-10-2020 but was blocked by Jill Horner until further notice...it was a termination. My return to work expectations of Westrock and needs were never even honestly considered but the photo was

Westrocks termination was not constructive in regards to my work and health issues