# NUKK-FREEMAN & CERRA, PC
## EMPLOYMENT ATTORNEYS

October 31, 2022

**VIA ECF**

Honorable Judge Ann Marie Donio, U.S.M.J.
United States District Court, District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Courtroom 3B
Camden, NJ 08101

>    RE:   **Nicholas Fantini v. WestRock Company, et al.**
>             **Civil Action No.: 1:22-cv-04351-CPO-AMD**

Dear Judge Donio:

This office represents the Defendants in the above-referenced action.  We write in response to Plaintiff's deficient Motion to Amend and Joinder of Additional Defendants which he represents has been filed with the Court as of October 28, 2022 (<u>See</u> **Exhibit A**).[1]  We request that the Court stay the briefing schedule for Plaintiff's Motion until the parties and the Court can address the deficiencies – namely, Plaintiff's failure to comply with the Court's August 30, 2022 Scheduling Order [DKT. No. 17] – at the November 16, 2022 status conference.

Pursuant to the Scheduling Order entered in this matter on August 30, 2022 [DKT. No. 17], parties are required to file a motion to amend the pleadings or a motion to join new parties by October 28, 2022.  In pertinent part, the Scheduling Order referencing L. Civ. R. 15.1 (a)(2), provides that "[a]ny motion to amend or supplement shall attach a proposed amended pleading and delineate how the proposed amended pleading differs from the pleading which it proposes to amend by either bracketing or striking through materials to be deleted and/or underlining additional materials."  However, Plaintiff did not attach a proposed amended pleading to his motion papers.[2]

Accordingly, we respectfully request that Your Honor stay the briefing schedule[3] for Plaintiff's Motion to Amend and Joinder of Additional Defendants in light of the upcoming November 16, 2022 status conference so that the parties can discuss Plaintiff's Motion to Amend during the conference.

---

[1] On October 28, 2022, Plaintiff emailed counsel for Defendants enclosing a copy of his "filed" Motion to Amend. However, it appears that this filing has not yet been posted on the docket.

[2] Moreover, based on Plaintiff's Motion, it appears that Plaintiff only seeks to add additional defendants, he does not seek to amend the substance of his Complaint.  However, the Complaint only alleges employment-related causes of action – which are not applicable to the entities and individuals he proposes as additional defendants.  Because of this Plaintiff does not meet the requirements for joinder under Fed. R. Civ. P. 19 or 20.

[3] Plaintiff did not include a return date on his motion, however, using the October 28, 2022 filing date, Defendants understand the return date for Plaintiff's motion to be November 21, 2022 with Defendant's Opposition due on November 7, 2022.

NUKK-FREEMAN & CERRA, PC
EMPLOYMENT ATTORNEYS

Thank you for Your Honor's attention to this matter.

Very truly yours,

NUKK-FREEMAN & CERRA, P.C.


/s/ Iman Wells
Iman Wells, Esq.

IW/jv
cc:    Nicholas Fantini, *pro se*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

NICHOLAS FANTINI,                                  : Civil Action No.: 1:22-CV-04351-CPO-AMD
                                                   :
        Plaintiff,                                 :
                                                   :
                                                   :
    v.                                             :
                                                   :
                                                   :
WESTROCK COMPANY, HOWARD                           :
BRAVERMAN, KATHY GRIESS,                           :
GEORGE MELVIN, TONYA CHITWOOD,                     :
JILL HORNER, VICKI LOSTETTER,                      :
STEVE VORHEES, and JOHN DOES 1-10,                 :
INCLUSIVE,                                         :
                                                   :
        Defendants.                                :

**PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT**

AND NOW, comes the Plaintiff, Nicholas Fantini, by and through themselves, *pro se,* to file the

instant reply and in support thereof avers as follows:

1. The Plaintiff Nicholas Fantini operating pro se is hereby making a motion to amend the

original pleading to also include the following (4) parties :In regards to RULE 4:9. Amended

And Supplemental Pleadings. After careful thought and considerations it has been realized that

these parties have also played a pivotal role in the before/during/after events involving plaintiff

and Westock Services LLC ,and would help alleviate some of the financial strain on Westrock

Services LLC onto multiple parties but still including Westrock Services LLC.

2. Sedgwick - Sedgwick Claims management services - PO Box 14648 - Lexington, KY

40512-4648 - phone: 800-540-4272 - -Did not perform its role correctly in regards

to payments and customer contact/NJ Disability /Unemployment....Miss-informed

NJ Disability about payments , and NJDisability would not pay as a result.

3. Jake Rosenberg MD - Sarah Alexander (ext#241431) - 1 Utah Ave - Cherryhill NJ 08002-3008 - 815-964-6334 - -Did not respond when contacted about providing computer equipment for completing the independent medical evaluation that directly led to my termination at Westrock.

4. State of New Jersey - Department of Labor and Workforce Development - Division of Workers Compensation - PO Box: 381 - Trenton New Jersey 08625-0381 - WC-365 - -Was not able to let me apply due to their own computer system glitch that was stuck on NJ Disability

5. State of New JerseyDepartment of labor and Workforce Development Division of Temporary Disability Insurance PO Box : 387 Trenton, New Jersey 08625-0387 - -Did not pay due to Sedwick stating they were paying.

6. Please take notice : all newly included parties will be given a summons via physical mail

7. Please take notice : A copy was served Via electronic mail to Nukk-freeman & Cerra, P.C.

## II. LEGAL STANDARDS

8. Plaintiffs' burden on a motion to amend under Fed. R. Civ. P. 15 is not high, and the decision to grant leave to amend rests in the Court's sound discretion. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires"); Foman v. Davis, 371 U.S. 178, 182 (1962) (explaining that Rule 15's mandate to freely give leave to amend "is to be heeded").

9. The Third Circuit has repeatedly construed Rule 15(a) to require district courts to liberally grant motions to amend, particularly where, as here, a good-faith motion is brought early in the proceedings and the amendment would not prejudice defendants. See Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) ("We have held that motions to amend pleadings should be liberally granted"); Adams v. Gould Inc., 739 F.2d 858, 867-868 (3d Cir. 1984) ("[U]nder the liberal

pleading philosophy of the federal rules as incorporated in Rule 15(a), an amendment should be allowed whenever there has not been undue delay, bad faith on the part of the plaintiff, or prejudice to the defendant as a result of the delay"); Clinton v. Jersey City Police Dep't., 2017 WL 1024274, at *2 (D.N.J. Mar. 16, 2017) (Cecchi, J.) (noting that the Third Circuit "has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities").

10. Accordingly, "[w]hen deciding whether to grant a motion in support of leave to amend pursuant to Rule 15(a)," there is a "general presumption . . . in favor of allowing a party to amend its pleadings." Demmick v. Cellco P'ship, 2008 WL 750547, at *1 (D.N.J. Mar. 19, 2008) (Cecchi, J.) (citing Del Sontro v. Cendant Corp., Inc., 223 F.Supp.2d 563, 576 (D.N.J. 2002)).

## III. QUESTION PRESENTED

11. Should Leave To Amend Be GRANTED?

(Suggested Answer: Yes)

## IV. ARGUMENT

12. The Plaintiff was provided until October 28, 2022 to file for an amended complaint which means that this request is within the deadline provided by the Court.

13. Furthermore, this matter which is still in the discovery stages of proceedings and not yet scheduled for trial, the Defendants cannot be said to be prejudiced by this request for amendment.

14. This is also the Plaintiff's first request for amendment which means it cannot be said that the Plaintiff has any history of being dillatory or causing unnecessary delay regarding this.

15. Furthermore, the Plaintiff has sufficient cause for amendment of the Complaint to include the additional parties referenced herein and for good cause as well.

16. Sedgwick - Sedgwick Claims management services - PO Box 14648 - Lexington, KY 40512-4648 - phone: 800-540-4272 - -Did not perform its role correctly in regards to payments and customer contact/NJ Disability /Unemployment....Miss-informed NJ Disability about payments , and NJDisability would not pay as a result.

17. Jake Rosenberg MD - Sarah Alexander (ext#241431) - 1 Utah Ave - Cherryhill NJ 08002-3008 - 815-964-6334 - -Did not respond when contacted about providing computer equipment for completing the independent medical evaluation that directly led to my termination at Westrock.

18. State of New Jersey - Department of Labor and Workforce Development - Division of Workers Compensation - PO Box: 381 - Trenton New Jersey 08625-0381 - WC-365 - -Was not able to let me apply due to their own computer system glitch that was stuck on NJ Disability

19. State of New JerseyDepartment of labor and Workforce Development Division of Temporary Disability Insurance PO Box : 387 Trenton, New Jersey 08625-0387 - -Did not pay due to Sedwick stating they were paying.

20. As it can be seen, legitimate cause exists with regards to the related conduct of these various entities in support of being permitted to amend the complaint in the instant matter thereby warranting the instant motion for leave to amend..

21. Please take notice : all newly included parties will be given a summons via physical mail

22. Please take notice : A copy was served Via electronic mail to Nukk-freeman & Cerra, P.C.

23. Based on the foregoing, the Plaintiff respectfully requests that this Honorable Court GRANT the instant motion for leave to amend for the reasons and authorities cited herein; a copy of the joinders of additional Defendants is included and filed with this court simultaneously with this motion.

## VI. CONCLUSION

WHEREFORE, based on the foregoing it is hereby respectfully requested that this Honorable

Court GRANT the instant motion for leave to amend.

DATED: October 28 2022                           Respectfully Submitted,



**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

NICHOLAS FANTINI,                               : Civil Action No.: 1:22-CV-04351-CPO-AMD
                                                :
        Plaintiff,                              :
                                                :
    v.                                          :
                                                :
WESTROCK COMPANY, HOWARD                        :
BRAVERMAN, KATHY GRIESS,                        :
GEORGE MELVIN, TONYA CHITWOOD,                  :
JILL HORNER, VICKI LOSTETTER,                   :
STEVE VORHEES, and JOHN DOES 1-10,              :
INCLUSIVE,                                      :
                                                :
        Defendants.                             :

**<u>PROPOSED ORDER</u>**

AND NOW, on this _____ day of _____, 2022, upon consideration of

the Plaintiff's Motion For Leave To Amend, it is hereby ORDERED that said motion is hereby

GRANTED.

                                    BY THE COURT:


                                    _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

NICHOLAS FANTINI,                               : Civil Action No.: 1:22-CV-04351-CPO-AMD
                                                :
          Plaintiff,                            :
                                                :
     v.                                         :
                                                :
WESTROCK COMPANY, HOWARD                        :
BRAVERMAN, KATHY GRIESS,                        :
GEORGE MELVIN, TONYA CHITWOOD,                  :
JILL HORNER, VICKI LOSTETTER,                   :
STEVE VORHEES, and JOHN DOES 1-10,              :
INCLUSIVE,                                      :
                                                :
          Defendants.                           :

## JOINDER OF ADDITIONAL DEFENDANTS

TO THE CLERK:

Please enjoin the following Defendants to this matter; it is requested that the following

Additional Defendants are requested to be enjoined in the above referenced matter:

1. Sedgwick - Sedgwick Claims management services - PO Box 14648 - Lexington, KY

40512-4648 - phone: 800-540-4272 -

2. Jake Rosenberg MD - Sarah Alexander (ext#241431) - 1 Utah Ave - Cherryhill NJ

08002-3008 - 815-964-6334 -

3. State of New Jersey - Department of Labor and Workforce Development - Division of

Workers Compensation - PO Box: 381 - Trenton New Jersey 08625-0381 - WC-365 - -

4. State of New JerseyDepartment of labor and Workforce Development Division of Temporary

Disability Insurance PO Box : 387 Trenton, New Jersey 08625-0387 -

For their roles and contributions to the tort complained of in this case.

DATED: October 28, 2022                          Respectfully Submitted,

