# NUKK-FREEMAN & CERRA, PC
## EMPLOYMENT ATTORNEYS

December 2, 2022

**VIA ECF**

Honorable Judge Ann Marie Donio, U.S.M.J.
United States District Court, District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Courtroom 3B
Camden, NJ 08101

> **RE:  Nicholas Fantini v. WestRock Company, et al.**
>       **Civil Action No.: 1:22-cv-04351-CPO-AMD**

Dear Judge Donio:

This office represents the Defendants in the above-referenced action.  We write in response to Plaintiff's *third* deficient Motion to File An Amended Complaint, which was filed with the Court on November 30, 2022 [DKT. No. 37] (See **Exhibit A**).

During the November 16, 2022 status conference Your Honor discussed the deficiencies with Plaintiff's *second* Motion to File An Amended Complaint and his proposed Amended Complaint [DKT. No. 33], noting that Plaintiff failed to specifically identify which claim(s) were being asserted against which defendant(s) in light of Plaintiff seeking to add one new claim and four new defendants.[1]  Because of these deficiencies, Your Honor denied Plaintiff's second Motion to File An Amended Complaint [DKT. No. 33] without prejudice and provided Plaintiff until December 2, 2022 to file a renewed motion.  [DKT. No. 35].

On November 30, 2022, Plaintiff filed a renewed Motion to File An Amended Complaint.  However, Plaintiff did not address or cure any of the deficiencies previously identified by the Court.  Indeed, Plaintiff's third Motion and proposed Amended Complaint [DKT. No. 37] are virtually identical[2] to the second Motion and corresponding proposed Amended Complaint Plaintiff filed on November 11, 2022 [DKT. No 33], which the Court already denied.

Accordingly, Defendants respectfully request that Your Honor deny Plaintiff's third Motion in light of the new filing being identical to the motion and proposed Amended Complaint that was already denied or in the alternative adjourn the briefing schedule and return date for Plaintiff's Motion and schedule a status conference for parties to discuss.

---

[1] The new claim was for "Negligent Misrepresentation."  The proposed new parties were Sedgwick; Jake Rosenberg MD; the State of New Jersey – Department of Labor and Workforce Development – Division of Workers' Compensation; and the State of New Jersey – Department of Labor and Workforce Development Division of Temporary Disability Insurance

[2] There appears to be just one change and that is adding the word "proposed" to the caption of the newly filed proposed Amended Complaint.

26 Main Street, Suite 202 · Chatham, NJ 07928   |   550 West B Street, 4th Floor · San Diego, CA 92101
Phone  973.665.9100   |   nfclegal.com   |   Phone  619.292.0515

Thank you for Your Honor's attention to this matter.

Very truly yours,

NUKK-FREEMAN & CERRA, P.C.


*/s/ Iman Wells*
Iman Wells, Esq.

IW/jv
Enc.

cc:    Nicholas Fantini, *pro se* (*via electronic and regular mail*)

4853-9764-5377, v. 1

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

_____

NICHOLAS FANTINI,                                   : Civil Action No.: 1:22-CV-04351-CPO-AMD
                                                    :
        Plaintiff,                                :
                                                    :
   v.                                             :
                                                    :
                                                    :
WESTROCK COMPANY, HOWARD                             :
BRAVERMAN, KATHY GRIESS,                             :
GEORGE MELVIN, TONYA CHITWOOD,                       :
JILL HORNER, VICKI LOSTETTER,                        :
STEVE VORHEES, and JOHN DOES 1-10,                   :
INCLUSIVE,                                           :
                                                    :
        Defendants.                               :

_____

## PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT

AND NOW, comes the Plaintiff, Nicholas Fantini, by and through themselves, _pro se_, to file the instant reply and in support thereof avers as follows:

1. The Plaintiff Nicholas Fantini operating pro se is hereby making a motion to amend the original pleading to also include the following (4) parties :In regards to RULE 4:9. Amended And Supplemental Pleadings. After careful thought and considerations it has been realized that these parties have also played a pivotal role in the before/during/after events involving plaintiff and Westock Services LLC ,and would help alleviate some of the financial strain on Westrock Services LLC onto multiple parties but still including Westrock Services LLC.

2. Sedgwick - Sedgwick Claims management services - PO Box 14648 - Lexington, KY 40512-4648 - phone: 800-540-4272 - -Did not perform its role correctly in regards to payments and customer contact/NJ Disability /Unemployment....Miss-informed NJ Disability about payments , and NJDisability would not pay as a result.

3. Jake Rosenberg MD - Sarah Alexander (ext#241431) - 1 Utah Ave - Cherryhill NJ 08002-3008 - 815-964-6334 - -Did not respond when contacted about providing computer equipment for completing the independent medical evaluation that directly led to my termination at Westrock.

4. State of New Jersey - Department of Labor and Workforce Development - Division of Workers Compensation - PO Box: 381 - Trenton New Jersey 08625-0381 - WC-365 - -Was not able to let me apply due to their own computer system glitch that was stuck on NJ Disability

5. State of New JerseyDepartment of labor and Workforce Development Division of Temporary Disability Insurance PO Box : 387 Trenton, New Jersey 08625-0387 - -Did not pay due to Sedwick stating they were paying.

6. Please take notice : all newly included parties will be given a summons via physical mail

7. Please take notice : A copy was served Via electronic mail to Nukk-freeman & Cerra, P.C.

## II. LEGAL STANDARDS

8. Plaintiffs' burden on a motion to amend under Fed. R. Civ. P. 15 is not high, and the decision to grant leave to amend rests in the Court's sound discretion. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires"); Foman v. Davis, 371 U.S. 178, 182 (1962) (explaining that Rule 15's mandate to freely give leave to amend "is to be heeded").

9. The Third Circuit has repeatedly construed Rule 15(a) to require district courts to liberally grant motions to amend, particularly where, as here, a good-faith motion is brought early in the proceedings and the amendment would not prejudice defendants. See Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) ("We have held that motions to amend pleadings should be liberally granted"); Adams v. Gould Inc., 739 F.2d 858, 867-868 (3d Cir. 1984) ("[U]nder the liberal

pleading philosophy of the federal rules as incorporated in Rule 15(a), an amendment should be allowed whenever there has not been undue delay, bad faith on the part of the plaintiff, or prejudice to the defendant as a result of the delay"); Clinton v. Jersey City Police Dep't., 2017 WL 1024274, at *2 (D.N.J. Mar. 16, 2017) (Cecchi, J.) (noting that the Third Circuit "has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities").

10. Accordingly, "[w]hen deciding whether to grant a motion in support of leave to amend pursuant to Rule 15(a)," there is a "general presumption . . . in favor of allowing a party to amend its pleadings." Demmick v. Cellco P'ship, 2008 WL 750547, at *1 (D.N.J. Mar. 19, 2008) (Cecchi, J.) (citing Del Sontro v. Cendant Corp., Inc., 223 F.Supp.2d 563, 576 (D.N.J. 2002)).

## III. QUESTION PRESENTED

11. Should Leave To Amend Be GRANTED?

(Suggested Answer: Yes)

## IV. ARGUMENT

12. The Plaintiff was provided until October 28, 2022 to file for an amended complaint which means that this request is within the deadline provided by the Court.

13. Furthermore, this matter which is still in the discovery stages of proceedings and not yet scheduled for trial, the Defendants cannot be said to be prejudiced by this request for amendment.

14. This is also the Plaintiff's first request for amendment which means it cannot be said that the Plaintiff has any history of being dillatory or causing unnecessary delay regarding this.

15. Furthermore, the Plaintiff has sufficient cause for amendment of the Complaint to include the additional parties referenced herein and for good cause as well.

16. Sedgwick - Sedgwick Claims management services - PO Box 14648 - Lexington, KY 40512-4648 - phone: 800-540-4272 - -Did not perform its role correctly in regards to payments and customer contact/NJ Disability /Unemployment....Miss-informed NJ Disability about payments , and NJDisability would not pay as a result.

17. Jake Rosenberg MD - Sarah Alexander (ext#241431) - 1 Utah Ave - Cherryhill NJ 08002-3008 - 815-964-6334 - -Did not respond when contacted about providing computer equipment for completing the independent medical evaluation that directly led to my termination at Westrock.

18. State of New Jersey - Department of Labor and Workforce Development - Division of Workers Compensation - PO Box: 381 - Trenton New Jersey 08625-0381 - WC-365 - -Was not able to let me apply due to their own computer system glitch that was stuck on NJ Disability

19. State of New JerseyDepartment of labor and Workforce Development Division of Temporary Disability Insurance PO Box : 387 Trenton, New Jersey 08625-0387 - -Did not pay due to Sedwick stating they were paying.

20. As it can be seen, legitimate cause exists with regards to the related conduct of these various entities in support of being permitted to amend the complaint in the instant matter thereby warranting the instant motion for leave to amend..

21. Please take notice : all newly included parties will be given a summons via physical mail

22. Please take notice : A copy was served Via electronic mail to Nukk-freeman & Cerra, P.C.

23. Based on the foregoing, the Plaintiff respectfully requests that this Honorable Court GRANT the instant motion for leave to amend for the reasons and authorities cited herein; a copy of the joinders of additional Defendants is included and filed with this court simultaneously with this motion.

## VI. CONCLUSION

WHEREFORE, based on the foregoing it is hereby respectfully requested that this Honorable

Court GRANT the instant motion for leave to amend.

DATED: November 30, 2022                          Respectfully Submitted,


                                                  /s/ Nicholas Fantini

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NICHOLAS FANTINI, | : Civil Action No.: 1:22-CV-04351-CPO-AMD |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| WESTROCK COMPANY, HOWARD | : |
| BRAVERMAN, KATHY GRIESS, | : |
| GEORGE MELVIN, TONYA CHITWOOD, | : |
| JILL HORNER, VICKI LOSTETTER, | : |
| STEVE VORHEES, and JOHN DOES 1-10, | : |
| INCLUSIVE, | : |
| | : |
| Defendants. | : |

**<u>PROPOSED ORDER</u>**

AND NOW, on this _____ day of _____, 2022, upon consideration of

the Plaintiff's Motion For Leave To Amend, it is hereby ORDERED that said motion is hereby

GRANTED.

BY THE COURT:

_____

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

NICHOLAS FANTINI,                               : Civil Action No.: 1:22-CV-04351-CPO-AMD
                                                :
        Plaintiff,                              :
                                                :
    v.                                          :
                                                :
WESTROCK COMPANY, HOWARD                        :
BRAVERMAN, KATHY GRIESS,                        :
GEORGE MELVIN, TONYA CHITWOOD,                  :
JILL HORNER, VICKI LOSTETTER,                   :
STEVE VORHEES, SEDGWICK CLAIMS                  :
MANAGEMENT SERVICES, JAKE                       :
ROSENBERG, M.D., SARAH                          :
ALEXANDER, N.J. DEPARTMENT OF                   :
LABOR AND WORKFORCE                             :
DEVELOPMENT- DIVISION OF                        :
WORKER'S COMPENSATION, N.J.                     :
DEPARTMENT OF LABOR AND                         :
WORKFORCE - DIVISION OF                         :
DISABILITY INSURANCE and JOHN                   :
DOES 1-10, INCLUSIVE,                           :                              :
                                                :
        Defendants.                             :

_____

**PLAINTIFF'S [PROPOSED] FIRST AMENDED COMPLAINT AT LAW FOR**

**WRONGFUL TERMINATION OF EMPLOYMENT**

AND NOW, comes the Plaintiff, Nicholas Fantini, by and through themselves, *pro se*, to file the

instant reply and in support thereof avers as follows:

**I. INTRODUCTION**

1. The Plaintiff initiates the instant action against the Defendant(s) for wrongful termination of

employment as well as toxic workplace and workplace negligence all of which give rise to the

instant complaint.

2. Throughout the course of employment, the Plaintiff was subjected to various acts of lewdness which were encouraged by various employees in addition to harassment of the Plaintiff based on appearance as well as various other acts amount to a hostile work environment and unequal treatment ultimately resulting in the wrongful termination of employment.

3. As a direct and proximate result of the acts complained of in the instant matter, the Plaintiff suffered the loss of employment thereby giving rise to a particular amount of damages to be determined in a trial by jury.

4. The Plaintiff is seeking compensatory and punitive damages for each of the tortious acts complained of herein as well as any and all other relief deemed necessary by this Court with all genuine disputes of material fact to be determined in a trial by jury.

## JURISDICTION AND VENUE

4. At all times relevant to this complaint, the acts complained of engaged in by the Defendant took place ~~in Burlington County. Accordingly, jurisdiction is proper under R. 4:4-4.~~ the District of New Jersey.

5. The Defendant, Nicholas Fantini, was employed in Burlington County, New Jersey where the acts complained of took place. ~~Therefore, under R. 4:3-2(a)(3), venue is proper for this civil action at law in Burlington County Superior Court, Law Division.~~ This Court has jurisdiction pursuant to federal question jurisdiction.

## PARTIES

5. The Plaintiff, Nicholas Fantini, at all times material hereto has resides at 96 Leon Avenue Norwood, PA 19074

6. The Defendants, Westrock Company, at all times material hereto has maintained the place of employment identified as 5000 Lincoln Drive, E. Marlton, NJ 08053 while maintaining a corporate location address at 1000 Abernathy Road, NE., Atlanta, GA 30328.

7. The employees Howard Braverman, Kathy Griess, George Melvin, Tonya Chitwood, Jill Horner, Vicki Lostetter, Steve Vorhees, And John Does 1-10, Inclusive, are all employees employed by the Defendant Westrock Company contributing to the torts complained of at the address of 1000 Abernathy Road, NE., Atlanta, GA 30328.

8. Sedgwick - Sedgwick Claims management services - PO Box 14648 - Lexington, KY 40512-4648 - phone: 800-540-4272 - -Did not perform its role correctly in regards to payments and customer contact/NJ Disability /Unemployment....Miss-informed NJ Disability about payments , and NJDisability would not pay as a result.

9. Jake Rosenberg MD - Sarah Alexander (ext#241431) - 1 Utah Ave - Cherryhill NJ 08002-3008 - 815-964-6334 - -Did not respond when contacted about providing computer equipment for completing the independent medical evaluation that directly led to my termination at Westrock.

10. State of New Jersey - Department of Labor and Workforce Development - Division of Workers Compensation - PO Box: 381 - Trenton New Jersey 08625-0381 - WC-365 - -Was not able to let me apply due to their own computer system glitch that was stuck on NJ Disability

11. State of New JerseyDepartment of labor and Workforce Development Division of Temporary Disability Insurance PO Box : 387 Trenton, New Jersey 08625-0387 - -Did not pay due to Sedwick stating they were paying.

**STATEMENT OF FACT**

12. The Plaintiff initiates the instant action against the Defendant(s) for wrongful termination of employment as well as toxic workplace and workplace negligence all of which give rise to the instant complaint.

13. Throughout the course of employment, the Plaintiff was subjected to various acts of lewdness which were encouraged by various employees in addition to harassment of the Plaintiff based on appearance as well as various other acts amount to a hostile work environment and unequal treatment ultimately resulting in the wrongful termination of employment.

14. While the Plaintiff was employed with the Defendant, Howard Braverman performed and encouraged lewd behavior amongst his colleagues to the point HR was brought in and then still continued to do it covertly.. He even played a Conan O' Brian episode where they were all naked in a sauna on his work computer and was showing it to employees in the common area.

15. HR Kathy Griess would often act aggressively by raising her voice / yelling or making exaggerated gestures and eye contact to me when the Plaintiff would confide in her about the workplace issues.

16. With no job description even after several requests, the Plaintiff was requested to perform various jobs which would not allow his advancement at Westrock. Requests such as cleaning toilets, shoveling snow, changing light fixtures, using a ladder, as well as other unsuitable work not included in the job description of the Plaintiff.

17. The Plaintiff contacted the Westrock Compliance Hotline and they stated after their investigation that Howard's Actions while unethical were not illegal; so in other words Westlock enforced bad behavior as long as it did not break the law it was approved.

18. On several occasions, the Plaintiff was referred to as "Allahu Nick" due to my complexion and beard (and was even given an an electric razor by management staff to encourage cutting my beard).

19. Throughout the course of the Plaintiff's employment, Females were given more attention and work opportunities by far and this was even brought up by other employees.

20. The Plaintiff also suffered from a lack of advancement; the Plaintiff applied internally for various jobs while other people were secretly informed of available job positions which they received thereby constituting unequal treatment.

21. The Plaintiff was asked by Howard to ship Hazardous materials illegally through FedEx consistently then bullied in front of staff when the Plaintiff would not comply.

22. The Plaintiff was also pressured to drive the Forklift despite the license of the Plaintiff having expired.

23. Also throughout the course of employment, the Plaintiff was provided with faulty computer equipment after the Plaintiff was lied to, and then was not able to perform my job functions effectively with the faulty computer while also while being blamed for modifying the computer and causing the issues which was entirely baseless and erroneous.

24. The Plaintiff was allowed to be berated by other employees in front of my manager Howard Braverman even though it was his fault.

25. Howard verbalized directly to the Plaintiff that the Plaintiff was more of a blue-collar worker than a white-collar worker so the Plaintiff's advancement opportunities were limited and maybe the Plaintiff should apply somewhere else.

26. The combined acts complained of as well as the totality of the hardships created by the circumstances described in the instant matter ultimately resulted in the wrongful termination of

employment of the Plaintiff and the loss of gainful employment thereby giving rise to the instant complaint for damages.

27. Sedgwick - Sedgwick Claims management services - contributed to the Plaintiff's losses by not performing its role correctly in regards to payments and customer contact/NJ Disability /Unemployment; providing Miss-information and inaccurate representations.

NJ Disability about payments , and NJDisability would not pay as a result.

28. Jake Rosenberg MD - Sarah Alexander (ext#241431) - contributed to the Plaintiff's losses not responding when contacted about providing computer equipment for completing the independent medical evaluation that directly led to my termination at Westrock.

29. State of New Jersey - Department of Labor and Workforce Development - Division of Workers Compensation contributed to the Plaintiff's losses because they claimed they Were not able to let me apply due to their own computer system glitch that was stuck on NJ Disability

30. State of New JerseyDepartment of labor and Workforce Development Division of Temporary Disability Insurance contributed to the Plaintiff's losses by not paying due to Sedwick stating they were paying.

31. As a direct and proximate result of the acts complained of in the instant matter, the Plaintiff suffered the loss of employment thereby giving rise to a particular amount of damages to be determined in a trial by jury.

32. The Plaintiff is seeking compensatory and punitive damages for each of the tortious acts complained of herein as well as any and all other relief deemed necessary by this Court with all genuine disputes of material fact to be determined in a trial by jury.

## COUNT I

## WRONGFUL TERMINATION OF EMPLOYMENT

33. The Petitioner references and incorporates Paragraphs 1 through 24 as if though set forth herein at length.

34. The New Jersey Supreme Court first recognized a cause of action for wrongful termination under the common law in Pierce v. Ortho Pharmaceutical Corp., 84 N.J. 58, 72 (1980), which held that "an employee has a cause of action for wrongful discharge when the discharge is contrary to a clear mandate of public policy.".

35. "Absent legislation, the judiciary must define the cause of action in case-by-case determinations."Pierce, 84 N.J. at 72.

36. Furthermore, in discussing the law of wrongful discharge underPierce, the Court stated: "The common law grows and expands in response to perceived needs to serve the ends of justice."Shaner v. Horizon Bancorp., 116 N.J. 433, 454 (1989).

37. In Young, it made this statement of its holding in Pierce: "the sources of law where a mandate of public policy may be found are expansive." Young, 141 N.J. at 29.

38. The New Jersey Supreme Court's policy rationale for recognizing the cause of action in Pierce: "Employees will be secure in knowing that their jobs are safe if they exercise their rights in accordance with a clear mandate of public policy." Pierce, 84 N.J. at 73.

39. In the instant matter, the Plaintiff was subjected to numerous acts of unequal treatment as well as exposure to a hostile work environment which had a material impact on the Plaintiff's ability to perform the duties and functions of their position of employment thereby giving rise to the instant claims.

40. The acts of unequal treatment ultimately pushed the Plaintiff to the wrongful termination of employment giving rise to the instant action.

41. As a direct and proximate result of the acts complained of in the instant matter, the Plaintiff suffered the loss of employment thereby giving rise to a particular amount of damages to be determined in a trial by jury.

42. The Plaintiff is seeking compensatory and punitive damages for each of the tortious acts complained of herein as well as any and all other relief deemed necessary by this Court with all genuine disputes of material fact to be determined in a trial by jury.

## COUNT II

## GENDER DISCRIMINATION AND HOSTILE WORK ENVIRONMENT

43. The Petitioner references and incorporates Paragraphs 1 through 24 as if though set forth herein at length.

44. Discrimination on the basis of sex occurs when, in situations related to employment, an employer treats men and women differently. LEX K. LARSON, LARSON ON EMPLOYMENT DISCRIMINATION (2005) § 46.01. Id. at § 40.01.

45. The EEOC has issued guidelines specifically related to this legal theory, sexual favoritism as the basis for claims under Title VII. See EEOC Policy Guidance on Employer Liability Under Title VII for Sexual Favoritism, EEOC Notice No. 915-048 (January 12, 1990). "Drinkwater v. Union Carbide Corp., 904 F.2d 853, 859 (3d Cir. 1990).

46. The EEOC's Policy Guidance clearly states that sexual favoritism can be a basis for a valid hostile work environment claim under Title VII: "If favoritism based upon the granting of sexual favors is widespread in a workplace, both male and female colleagues who do not welcome this conduct can establish a hostile work environment in violation of Title VII regardless of whether any objectionable conduct is directed at them." Id.

47. "For sexual harassment to be actionable, it must be sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment." <u>Meritor Sav. Bank, FSB v. Vinson,</u> 477 U.S. 57, 67 (1986) (internal citation omitted).

48. In the instant matter, the Plaintiff has established a prima facie case for discrimination on the basis of gender in violation of Title VII and New Jersey State Law.

49. Throughout the course of the Plaintiff's employment, Females were given more attention and work opportunities by far and this was even brought up by other employees which substantiates the claims of the Plaintiff in the instant matter.

50. The Plaintiff also suffered from a lack of advancement; the Plaintiff applied internally for various jobs while other people were secretly informed of available job positions which they received thereby constituting unequal treatment.

51. Because other employees received advancements and these employees were predominantly female as opposed to male, the Plaintiff has established a prima facie case for discrimination on the basis of gender thereby giving rise to the instant claim.

52. As a direct and proximate result of the acts complained of in the instant matter, the Plaintiff suffered the loss of employment thereby giving rise to a particular amount of damages to be determined in a trial by jury.

53. The Plaintiff is seeking compensatory and punitive damages for each of the tortious acts complained of herein as well as any and all other relief deemed necessary by this Court with all genuine disputes of material fact to be determined in a trial by jury.

**<u>COUNT III</u>**

**<u>WORKPLACE NEGLIGENCE</u>**

54. The Petitioner references and incorporates Paragraphs 1 through 24 as if though set forth herein at length.

55. Employers are responsible for providing and maintaining a healthy and safe work environment. The general duty clause of the Occupational Safety and Health Act of 1970 ("OSHA") specifically states that an employer "shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause, death or serious physical harm to his employees." 29 U.S.C. § 654 (a)(1).

56. Under the doctrine of "respondeat superior," an employer may be liable for an employee's actions committed when acting "in the course of his or her employment." Glenn v. Scott Paper Co., 1993 WL 431161 (D.N.J. 1993).

57. Negligent hiring involves a claim that an employer, at the time of hiring the employee, had reason to believe, or could have determined by reasonable investigation, that the employee was dangerous and hired him/her anyway, which proximately caused injury to another. DiCosala v. Kay, 91 N.J. 159, 173-74 (1982). Negligent retention/supervision is a related claim that imposes liability where an employer learns of an employee's dangerous propensities after the employee is hired and does not take appropriate action to prevent harm to others.

58. In the instant matter, the Defendant had a duty and obligation to maintain a workplace that was free from harassment and discrimination as well as the types of abuse described by the Plaintiff in the instant matter.

59. The Plaintiff was asked by Howard to ship Hazardous materials illegally through FedEx consistently then bullied in front of staff when the Plaintiff would not comply.

60. With no job description even after several requests, the Plaintiff was requested to perform various jobs which would not allow his advancement at Westrock. Requests such as cleaning

toilets, shoveling snow, changing light fixtures, using a ladder, as well as other unsuitable work not included in the job description of the Plaintiff.

61. Also throughout the course of employment, the Plaintiff was provided with faulty computer equipment after the Plaintiff was lied to, and then was not able to perform my job functions effectively with the faulty computer while also while being blamed for modifying the computer and causing the issues which was entirely baseless and erroneous.

62. The Plaintiff was allowed to be berated by other employees in front of my manager Howard Braverman even though it was his fault.

63. Howard verbalized directly to the Plaintiff that the Plaintiff was more of a blue-collar worker than a white-collar worker so the Plaintiff's advancement opportunities were limited and maybe the Plaintiff should apply somewhere else.

64. The combined acts complained of as well as the totality of the hardships created by the circumstances described in the instant matter ultimately resulted in the wrongful termination of employment of the Plaintiff and the loss of gainful employment thereby giving rise to the instant complaint for damages.

65. As a direct and proximate result of the acts complained of in the instant matter, the Plaintiff suffered the loss of employment thereby giving rise to a particular amount of damages to be determined in a trial by jury.

## COUNT IV

## NEGLIGENT MISREPRESENTATION

66. The Petitioner references and incorporates Paragraphs 1 through 24 as if though set forth herein at length.

67. In the State of New Jersey, Negligent misrepresentation constitutes "[a]n incorrect statement, negligently made and justifiably relied on," which results in economic loss. Kaufman v. i-Stat Corp., 165 N.J. 94, 109 (2000) (citation omitted).

68. Sedgwick - Sedgwick Claims management services - contributed to the Plaintiff's losses by not performing its role correctly in regards to payments and customer contact/NJ Disability /Unemployment; providing Miss-information and inaccurate representations.
NJ Disability about payments , and NJDisability would not pay as a result.

69. Jake Rosenberg MD - Sarah Alexander (ext#241431) - contributed to the Plaintiff's losses not responding when contacted about providing computer equipment for completing the independent medical evaluation that directly led to my termination at Westrock.

70. State of New Jersey - Department of Labor and Workforce Development - Division of Workers Compensation contributed to the Plaintiff's losses because they claimed they Were not able to let me apply due to their own computer system glitch that was stuck on NJ Disability

71. State of New JerseyDepartment of labor and Workforce Development Division of Temporary Disability Insurance contributed to the Plaintiff's losses by not paying due to Sedwick stating they were paying.

72. As a direct and proximate cause of the negligent misrepresentations complained of herein, the Plaintiff suffered economic losses in an amount to be determined in a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to award Plaintiff the following:

    a. Declaratory judgment in favor of the Plaintiff

    b. Compensatory damages for damages including, but not limited to, pecuniary losses in the maximum amount authorized by law

c. Punitive damages in the maximum amount authorized by law

d. Pre-judgment and post-judgment interest at the highest rate allowed by law

e. Actual and consequential damages

f. Reasonable and necessary attorney's fees

g. Costs of Court

h. Such other relief as to which Plaintiff may be justly entitled.

Dated: November 30, 2022                  Respectfully Submitted,


/s/ Nicholas Fantini