## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

NICHOLAS FANTINI,

        Plaintiff,

   v.

WESTROCK COMPANY et al.,

        Defendants.

No. 1:22-cv-04351

**OPINION**

### APPEARANCES:

Nicholas Fantini
96 Leon Avenue
Norwood, PA 19074

    *Pro se*

Iman Ahsia Wells
Jesse Samuel Grasty
Suzanne M. Cerra
NUKK-FREEMAN & CERRA, P.C.
26 Main Street, Ste. 202
Chatham, NJ 07928

    *On behalf of Defendants WestRock*
    *Co., Howard Braverman, Kathy*
    *Griess, George Melvin, Tonya*
    *Chitwood, Jill Horner, Vicki Lostetter,*
    *Steve Vorhees, and Sedgwick Claims*
    *Management Services*

Matthew Parker
SCHENCK PRICE SMITH & KING, LLP
220 Park Avenue
Florham Park, NJ 07932

    *On behalf of Jake Rosenberg*

**O'HEARN, District Judge.**

This matter comes before the Court upon a Motion to Dismiss Plaintiff's First Amended Complaint filed by Defendant Sedgwick Claims Management Services, Inc., (ECF No. 73), and a separate Motion to Dismiss Plaintiff's First Amended Complaint filed by Defendant Jake Rosenberg, M.D. (ECF No. 74). For following reasons, both Motions are **GRANTED**.

## I.    <u>BACKGROUND</u>

According to the Amended Complaint, Plaintiff Nicholas Fantini ("Plaintiff") was previously employed by Defendant Westrock Company in Marlton, New Jersey. (ECF No. 60, ¶¶ 1, 6). Plaintiff alleges that, during his employment, he experienced various acts of lewdness, discrimination, aggression, and degradation, (ECF No. 60, ¶¶ 12–20, 24), and that WestRock employees directed him to engage in unsafe tasks, including shipping hazardous materials, and driving a forklift without an active license. (ECF No. 60, ¶¶ 21–22). Defendant Sedgwick Claims management allegedly failed to process Plaintiff's claims for unemployment or disability and thereby made "inaccurate representations." (ECF No. 60, ¶ 27). And Dr. Rosenberg allegedly failed to respond to Plaintiff's request for certain computer equipment that was required for an unspecified medical evaluation. (ECF No. 60, ¶ 28). Plaintiff alleges these circumstances together resulted in his wrongful termination and loss of employment. (ECF No. 60, ¶ 26).

## II.    <u>PROCEDURAL HISTORY</u>

Plaintiff commenced this action against WestRock on April 18, 2022, in the Superior Court of New Jersey, alleging wrongful termination, gender discrimination, and workplace negligence. (Pl.'s Compl., ECF No. 1-1). On June 30, 2022, WestRock removed the matter to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446. (Def. WestRock's Co.'s Notice of Removal, ECF No. 1). Plaintiff amended his original Complaint on March 31, 2023, adding the

State of New Jersey, Sedgwick Claims Management Services, and Jake Rosenberg, M.D. as defendants, and asserting an additional claim for negligent misrepresentation. (Pl.'s Am. Compl., ECF No. 60). WestRock filed an Amended Answer on April 12, 2023, and asserted several counterclaims against Plaintiff arising from his alleged retention of corporate files and information. (ECF No. 61). On October 12, 2023, this Court dismissed certain of those counterclaims for failure to state a claim. (Letter Order, ECF No. 88).

Sedgwick filed its Motion to Dismiss now before the Court on June 9, 2023. (ECF No. 73). And Dr. Rosenberg filed his Motion to Dismiss now before the Court on June 23, 2023. (ECF No. 74). Plaintiff untimely responded to both motions on July 13, 2023.[1] (ECF Nos. 75, 76). With leave of the Court to reply to Plaintiff's late filings, (ECF Nos. 79, 81), Dr. Rosenberg replied on July 27, 2023, (ECF No. 82), and Sedgwick replied on July 28, 2023. (ECF No. 83).

## III.    <u>LEGAL STANDARD</u>

To state a claim, a plaintiff's complaint needs only to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although "short and plain," this statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations, alterations, and citation omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* (citations omitted). Rather, a complaint must contain sufficient factual allegations "to state a claim to relief that is plausible on its face." *Id.* at 570.

---

[1] Plaintiff's Responses to Sedgwick's motion and to Dr. Rosenberg's Motion were due on June 20, 2023, and July 3, 2023, respectively. Given Plaintiff's *pro se* status, the Court will nevertheless consider the arguments raised in Plaintiff's Response. *D'Orazio v. Washington Twp.*, 501 F. App'x 185, 187 (3d Cir. 2012) ("It is within the District Court's discretion to accept late filings.") (citing N.J. Local Rule 7.1(d)(7)); *see also LaMaina v. Brannon*, 804 F. Supp. 607, 610 n.3 (D.N.J. 1992) ("Despite defendant's failure to adhere to this deadline, the court will exercise leniency toward this *pro se* defendant and consider the arguments raised by the brief.").

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept the complaint's well-pleaded allegations as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). Through this lens, the court then conducts a three-step analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Next, the court should identify and disregard those allegations that, because they are no more than "the-defendant-unlawfully-harmed-me accusation[s]," are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678; *Malleus*, 641 F.3d at 563. Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). The court may only consider the facts alleged in the pleadings, any attached exhibits, and any matters of judicial notice. *S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). However, the court may also consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. FED. R. CIV. P. 12(d).

IV.   **DISCUSSION**

Sedgwick and Dr. Rosenberg separately move to dismiss Count IV of Plaintiff's Amended Complaint on grounds that Plaintiff alleges insufficient facts to state a claim for negligent misrepresentation. The Court finds that the Amended Complaint is plainly deficient on its face and dismisses Count IV as to both Sedgwick and Dr. Rosenberg.

To prove negligent misrepresentation, plaintiffs must demonstrate that "(1) the defendant negligently provided false information; (2) the plaintiff was a reasonably foreseeable recipient of that information; (3) the plaintiff justifiably relied on the information; and (4) the false statements were a proximate cause of the plaintiff's damages. *Chaudhri v. Lumileds LLC*, No. 18-2167, 2018 WL 6322623, at *9 (D.N.J. Dec 3, 2018) (citing *McCall v. Metropolitan Life Ins.*, 956 F. Supp. 1172, 1186 (D.N.J. 1996)).

Plaintiff's Amended Complaint does not contain sufficient facts that Sedgwick engaged in conduct that satisfies these elements. The Amended Complaint asserts, without more, that Sedgwick "contributed to Plaintiff's losses by not performing its role correctly" and "providing Miss-information [sic] and inaccurate representations. NJ Disability about payments. [sic]." (ECF No. 60, ¶ 68).[2] Even holding Plaintiff to the less stringent standards by which courts evaluate filings by *pro se* litigants, these factual allegations are conclusory and fail to state a claim. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) ("*pro se* litigants still must allege sufficient facts in their complaints to support a claim."). Taken very liberally, Plaintiff's claim that Sedgwick erred by "providing Miss-information" to "NJ Disability about payments" may properly allege that Sedgwick "provided false information" in satisfaction of the negligent misrepresentation standards. *Chaudhri*, 2018 WL 6322623, at *9. But the Amended Complaint

---

[2] Plaintiff repeats these allegations throughout the Amended Complaint with slightly different phrasing but no further additional factual detail. ECF No. 60, ¶¶ 8, 27, 68).

contains no facts that Plaintiff received or relied on that information, or that any false statements proximately caused Plaintiff's damages. *Id.* Indeed, the Amended Complaint appears to allege that Sedgwick provided false information to "NJ Disability" and not to Plaintiff, thus seemingly making it illogical that Plaintiff could have relied upon that information. (ECF No. 60, ¶ 8). To the extent Plaintiff includes additional factual allegations in his Response to Sedgwick's Motion, (ECF No. 75), such allegations are not contained in his pleading and constitute an impermissible attempt to expand the scope of the Amended Complaint through briefing. *See Olson v. Ako*, 724 F. App'x 160, 166 (3d Cir. 2018) ("[It is] axiomatic that the complaint may not be amended by the briefs . . . .").

Plaintiff's claim against Dr. Rosenberg is similarly deficient. Throughout the Amended Complaint, Plaintiff repeats the allegation that Dr. Rosenberg, "did not respond when contacted about providing computer equipment for completing the independent medical evaluation that led directly to . . . termination at Westrock." (ECF No. 60, ¶¶ 8, 28, 69). Again holding Plaintiff to the less stringent standards afforded to *pro se* litigants, the allegation that Dr. Rosenberg's failure to respond, "led directly to" Plaintiff's termination may satisfy the requirement that a Complaint allege "the false statements were a proximate cause of the plaintiff's damages." *Chaudhri*, 2018 WL 6322623, at *9. But Plaintiff's Amended Complaint does not contain any facts that Dr. Rosenberg provided false information, or that Plaintiff received or relied on that information. The Amended Complaint therefore does not allege any of the other elements of negligent misrepresentation. *See Chaudhri*, 2018 WL 6322623, at *9.

Plaintiff's allegations against Sedgwick and Dr. Rosenberg thus constitute exactly the sort of "the-defendant-unlawfully-harmed-me accusation[s]," that are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678; *Malleus*, 641 F.3d at 563. The facts alleged in the Amended

Complaint are therefore insufficient "to show that the plaintiff has a 'plausible claim for relief'" against either party and Count IV must be dismissed against Sedgwick and Dr. Rosenberg. *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

Finally, as this is a motion to dismiss, the Court cannot consider any additional documents or factual allegations offered through the filing of Plaintiff's Response to Dr. Rosenberg's Motion, (ECF No. 76). *See Olson*, F. App'x at 166; *Snyder v. Baxter Healthcare, Inc*., 393 F. App'x 905, 907 n.4 (3d Cir. 2010) (explaining that, "[p]ursuant to Rule 12(b)(6), affidavits or other peripheral documents are generally not permissible for a district court's consideration" in the context of a motion to dismiss). However, given Plaintiff's *pro se* status, and that he may have additional factual information he can include to support his negligent misrepresentation claims, these claims will be dismissed without prejudice. Plaintiff may, if he believes he can in good faith support such claims, file an appropriate motion to amend.

## V.    **CONCLUSION**

For the foregoing reasons, the Motions to Dismiss filed by Defendant Sedgwick Claims Management Services, Inc., (ECF No. 73), and Defendant Jake Rosenberg, M.D., (ECF No. 74), are **GRANTED**. An appropriate Order accompanies this Opinion.

*Christine P. O'Hearn*
_____
**CHRISTINE P. O'HEARN**
**United States District Judge**